**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 0:21-cr-60256-PCH-3

UNITED STATES OF AMERICA,

v.

PHILIP LICHTENFELD,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** came before the Court following the District Court's Order of Reference for a Change of Plea Hearing. ECF No. [65]. The Change of Plea hearing was conducted on September 28, 2021. The undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    As an initial matter, the Court advised Philip Lichtenfeld ("Defendant") of his right to appear at the plea hearing in person. Defendant waived his right to appear in person. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented to proceed by videoconference. Counsel concurred that holding the change of plea now, rather than delaying it until all could appear before the Court in person, was important because they had reached a resolution to this prosecution and they did not want to further delay the matter. Pursuant to the Administrative Orders of this Court, specifically, including, 2020-76, 2020-53, 2020-41, 2020-33, 2020-24, 2020-21, 2020-18, 2020-23, 2021-12, 2021-33, and 2021-50, the Court found that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice, and the hearing was conducted by videoconference.

2. This Court advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

4. Defendant pled guilty to the sole charge in the Information. The Information charges Defendant with conspiracy to commit an offense against in United States in violation of Title 18, United States Code, Section 371. Specifically, Defendant is charged with violating the Foreign Corrupt Practices Act, which is codified in Title 15, United States Code, Section 78dd-2. The Court advised Defendant that there is a maximum of five years imprisonment, followed by a period of supervised release of up to three years, and a possible fine of up to $250,000.00 or two times the amount of loss. The Court also advised Defendant there is a maximum of five years of probation. Finally, the Court advised Defendant that there is a mandatory special assessment of $100.00. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case, including the possibility of forfeiture and restitution.

5. To set forth the factual basis for the entry of the plea, Defendant and the Government submitted a written Factual Proffer. The Factual Proffer, also read by the

Government at the hearing, established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the Factual Proffer was accurate.

6. There is a written plea agreement which has been entered into by the parties in this case. This Court reviewed that plea agreement on the record and Defendant acknowledged that he understood the terms of the plea agreement and that he had signed the plea agreement.

7. Defendant also waived his right to appeal his sentence unless the Government files an appeal and/or his sentence exceeds the maximum permitted by statute and/or is the result of an upward departure or a variance from the guideline range that the Court establishes at sentencing. Defendant also waived his right to challenge the constitutionality of the statutes at issue and whether the conduct falls within the statute. The undersigned finds that Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary.

8. Based upon the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

9. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to the Information filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of that offense.

10. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office.

Accordingly, it is hereby **RECOMMENDED** that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties must file either a statement of non-objection or their written objections to the Report and Recommendation by **close of business on Tuesday, October 5, 2021**. Counsel did not object to this deadline. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on September 29, 2021.

_____
JACQUELINE BECERRA
United States Magistrate Judge

4